IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RAMEY, LLP F/K/A RAMEY & SCHWALLER, LLP**, <br> Plaintiff, <br><br> v. <br><br> **UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION; JANET YELLEN, in her official capacity as UNITED STATES SECRETARY OF TREASURY,** <br> **Defendants.** | Cause No. 4:22-cv-03902 <br><br> JURY TRIAL DEMANDED |

### Plaintiff's Original Complaint

Ramey, LLP f/k/a Ramey & Schwaller, LLP ("RAMEY LLP") files this Original Complaint against defendants United States Small Business Administration ("SBA"); Isabella Casillas Guzman, in her Official Capacity as Administrator of the Small Business Administration ("Administrator"); Janet Yellen, in her Official Capacity as United States Secretary of Treasury ("Secretary"), alleging as follows:

### Parties

1. Plaintiff Ramey, LLP f/k/a Ramey & Schwaller, LLP ("RAMEY LLP") is a Texas limited liability partnership with its principal place of business in Harris County, Texas.

2. Defendant United States Small Business Administration (the "SBA") is an independent federal agency created and authorized pursuant to 15 U.S.C § 633.

3. Defendant Isabella Casillas Guzman ("Guzman" or the "Administrator") is the Administrator of the SBA, a Cabinet-level position, and is sued in her official capacity of the SBA.

4. Authority to sue the Administrator is granted by 15 U.S.C. § 634(b) which states, in part: "In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may (1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy...."

5. Janet Yellen (the "Secretary") is the Secretary of the Treasury Department of the United States of America and is sued in his official capacity only as the Secretary of the Treasury Department.

## Jurisdiction and Venue

6. Jurisdiction is conferred on this Court for the resolution of the questions presented here by virtue of 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(1), (3), (4); 28 U.S.C. § 1346(a)(2); and 28 U.S.C. § 1361.

7. Authority for judicial review of agency action is further provided by 5 U.S.C. § 702.

8. The request for declaratory relief herein is founded in part on Rule 57 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 2201.

9. The Southern District of Texas is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Southern District of Texas within the meaning of 28 U.S.C. § 1391(b).

## Introduction

10. Plaintiff RAMEY LLP is a Houston-based law firm that, through its prior name,[1] Ramey & Schwaller, LLP, obtained a Small Business Administration ("SBA") Paycheck

---

[1] The name of Ramey & Schwaller, LLP was change to RAMEY LLP.

2

Protection Program ("PPP") loan (the "Loan"), as established by an Act of the United States Congress, through Defendant Amegy. After Amegy distributed the loan proceeds to RAMEY LLP, and after RAMEY LLP used the funds in accordance with the SBA's terms and guidance, Amegy through RAMEY LLP's personal banker, Scott Goforth ("Goforth"), unilaterally and incorrectly determined from their "belief" that one of RAMEY LLP's responses on the loan application was false. Based on that incorrect belief, Amegy declared the Loan in default. Based only upon its own declaration of default, Amegy offset nearly the entire amount of the Loan from RAMEY LLP's bank accounts and has blocked RAMEY LLP from submitting documents required to have the Loan formally forgiven through the SBA/PPP procedures.

11.     Instead of addressing whether RAMEY LLP's loan application was in fact correct, on August 11, 2020, Amegy wrongly accelerated the entire value of the Loan requiring that it be paid in full "on or before August 26, 2020." The Loan served the original SBA/PPP purpose, allowing RAMEY LLP to maintain full employment through the COVID-19 pandemic-related shut-down, but now RAMEY LLP will likely be forced to cut staff as a result of Amegy's actions, exactly in contravention to the policy of the CARES Act and its PPP loans.

12.     When RAMEY LLP applied for its PPP Loan, the relevant regulation provided that an Applicant is not eligible if:

> An owner of 20 percent or more of the equity of the applicant is incarcerated, on probation, on parole; presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction; or has been convicted of a felony within the last five years.[2]

13.     When the next set of IFRs were issued on June 12, 2020, nearly two months after RAMEY LLP submitted the Loan Application, the SBA clarified that felonies, specifically, were

---

[2] 85 F.R. 20811-01, Interim Final Rule Changes Published by SBA on April 15, 2020, *available at* 2020 WL 1865030 (the "April IFR").

the types of crimes which would disqualify PPP loan applicants.[3] The SBA's Standard Operating Procedure ("SOP") § 50 10 5(k), Subpart B, Chapter 2, in describing ineligible "Businesses with an Associate of Poor Character" also states:

> The Agency cannot provide financial assistance to businesses with Associates who are:
>
> a. Incarcerated, on probation, or on parole, (an individual with a deferred prosecution, conditional discharge, order of protection or who is on a sex offender registry is treated as if the individual is on probation or parole); or
>
> b. Currently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction.[4]

Nearly a year later, the SBA further narrowed the scope of the criminal history disqualification.

14. On or about August 21, 2021, RAMEY LLP's lender for its PPP Loan, Amegy, notified RAMEY LLP that it was not eligible for loan forgiveness or a PPP Loan under the PPP based solely on its belief that Question 5 to the loan application was answered incorrectly.

15. On May 28, 2021, the SBA informed RAMEY LLP that it was going to review the Amegy's decision on its PPP Loan ("SBA PPP Loan No. 8297247700").

16. On October 28, 2021, a properly convened grand jury returned a no bill on the complaint against William Ramey, finding that there was no probable cause to support the felony allegations.

17. On February 24, 2022, the SBA decided that RAMEY LLP was ineligible for loan forgiveness under the PPP for SBA PPP Loan No. 8297247700:

---

[3] 85 F.R. 38301-01, Interim Final Rule Changes Published by SBA on June 12, 2020, *available at* 2020 WL 3472388 (the "June IFR").

[4] Standard Operating Procedure, § 50 10 5(K), Small Bus. Admin., Lender and Development Company Programs, 110 (Apr. 1, 2019) (as modified by the Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20811, 20812 (Apr. 15, 2020)) (codified at 13 CFR § 120.110(n) (2020)); *see also* ROA.887, 907.

SBA has determined that the borrower was ineligible for the PPP loan. The reason(s) for SBA's decision is as follows: After review of the documentation provided, the SBA concludes that *the Borrower, or a 20% owner of the Borrower, was subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or was incarcerated, or on probation or parole, at the time of loan application.* To be eligible for a PPP loan, each Borrower must certify on the Form 2483, Question 5, that the Borrower and any owner of the Borrower did not have a criminal record which would cause the loan to be ineligible.

18. On or about March 15, 2022, RAMEY LLP filed an appeal of the SBA decision on SBA PPP Loan No. 8297247700.

19. On or about August 11, 2022, an initial decision was reached affirming denial of loan forgiveness of SBA PPP Loan No. 8297247700 as OHA Decision No. PPP-8297247700 (2022).

20. On or about August 22, 2022, RAMEY LLP petitioned for reconsideration, which was denied on or about October 31, 2022, as Decision No. PFR-8297247700.

**RELEVANT STATUTORY PROVISIONS AND ADMINISTRATIVE REGULATIONS**

21. The Small Business Act was passed by Congress as a recognition that private enterprise and free competition are the essence of the American economy and to assure the "free entry into business, and opportunities for the expression and growth of personal initiative and individual judgment." (15 U.S.C. § 631(a)).

22. Pursuant to that declaration of policy, the SBA administers loans to small business concerns that have trouble finding credit elsewhere and passing a criminal background check. (15 U.S.C. § 636(a); Section 7(a) of the Small Business Act).

23. The Small Business Act also authorizes the SBA to provide direct loans (or in coordination with approved lenders) loans to small businesses that have suffered economic injury due to a declared disaster (15 U.S.C. § 636(b)(2); Section 7(b) of the Small Business Act).

24. The CARES Act was signed into law by the President of the United States on March 28, 2020.

25. The CARES Act created the PPP and allotted $349 billion to it for the purpose of providing loans administered by the SBA and its approved lenders and was later increased.

26. The PPP loans were to be partially-forgivable loans for employers to cover costs like payroll, salaries, group healthcare, rent, and utilities, in order to help offset losses that employers incur due to the COVID-19 pandemic of 2020.

27. Section 1114 of the CARES Act instructs the SBA to promulgate rules for the PPP not later than 15 days after the enactment of the CARES Act.

28. The CARES Act specifically tasks the SBA with administering the PPP and considers that the Administrator has delegated her authority to any lender approved to make and approve covered PPP loans.

29. On April 1, 2020, the SBA released guiding regulations for the PPP, RIN 3245AH34, Interim Final Rule Apr. 1, 2020 ("SBA 3245").

30. SBA 3245 provides, in relevant part that: "Businesses that are not eligible for PPP loans are identified in 13 CFR 120.110 and described further in SBA's Standard Operating Procedure (SOP) 50 10, Subpart B, Chapter 2, except that nonprofit organizations authorized under the Act are eligible."

31. SBA 3245 further provides that PPP loans with be provided on a first-come, first served basis until funds are exhausted. The PPP has a total monetary limit of $349,000,000,000.00 ($349 Billion).

32. These Regulations which apply to the PPP loans are the same Regulations which apply to traditional section 7(a) Loans under the Small Business Act.

33. RAMEY LLP asserts causes of action against Defendants for violation of the due process clause of the Fifth Amendment to the United States Constitution and declaratory judgment that the SBA's application of the Interim Guidelines promulgating the PPP is invalid, and request for attorneys' fees.

## Causes of Action

### A. VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

34. Plaintiff incorporates by reference paragraphs 1-33 as if fully restated herein.

35. Under the statute and regulations previously alleged herein, the Defendants have been authorized to create and administer a program of general economic relief, widely available to a large and nearly universal class of small and medium-sized businesses. It is the aim of the program established under the statute and regulations to save and preserve the operations of a wide and general class of such businesses during the present pandemic against the sure knowledge that a substantial portion of them, without such relief, will be unable to survive as viable businesses as a result of the pandemic.

36. The Due Process Clause of the Fifth Amendment declares that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Included within the Fifth Amendment's Due Process Clause are the same equal protection principles contained in the Fourteenth Amendment's Equal Protection Clause. *See Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975)

37. "The injury in fact in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit." *Gratz v. Bollinger*, 539 U.S. 244, 262 (2003).

38. This civil action deals with the adverse and disparate exclusion of Plaintiff which, on information and belief, the SBA will deny benefits and cause the economic destruction of the Plaintiff's business without adequate due process, in essence deeming RAMEY LLP ineligible for a PPP Loan or PPP forgiveness based upon a mere allegation of a felony against one of its Associates without requiring indictment, while assisting the future survival and prosperity of the large majority of other small and medium-sized businesses in the United States.

39. The result of the Defendants' conduct described herein is a deprivation of a fundamental right in Texas and the United States of America that one is not formally charged with a felony until indictment which will result in discrimination aimed at the economic destruction of those merely accused of a felony without indictment.

40. The PPP program here at issue was not intended as a subsidy to any select program or programs, but as a broad from of relief intended to benefit all businesses of a certain size unless particularly excluded. There is no exclusion for being falsely accused of a crime. The exclusion is for a formal charge, which in Texas requires indictment.

41. The Due Process Clause of the Fifth Amendment declares that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend.V. Included within the Fifth Amendment's Due Process Clause are the same equal protection principles contained in the Fourteenth Amendment's Equal Protection Clause.

42. The injury in fact in an equal protection case of this variety is the denial of equal treatment of Plaintiff and access to the PPP benefits at issue herein because of the deprivation of a fundamental right.

43. SBA's PPP benefits are available to all businesses, including 501(c)(3) nonprofits, veterans organizations, and faith based groups.

44. Here, the SBA's Restriction in 13 C.F.R. 120.110(p) does not provide for the exclusion of businesses with an Associate merely accused of a felony, rather it must be a formal charge, an indictment. In Texas, a formal charge for a felony is only by indictment.

45. If the Small Business Administration truly believed Congress sought to restrict eligibility based on mere accusations of a crime, it could have easily drafted the rule to say so. For example, the Department of Homeland Security bases its good moral character determination on whether an applicant was accused of committing a crime even "for which there was never a formal charge, indictment, arrest, or conviction." 8 C.F.R. § 316.10(b)(2)(iv). The Small Business Administration could have included similar language in its rule if it believed Congress wanted to base eligibility on accusations without indictment, or formal charges. Instead, the Small Business Administration expressly limited eligibility based only on indictments, arraignments, and other formal charges not mere complaints and accusations. At the time RAMEY LLP applied for the loan, RAMEY LLP was and is not subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction.

46. This is an unconstitutional application and distinction of what constitutes a formal charge for a felony in Texas and a deprivation of rights. This improperly violates the equal protection component of the Fifth Amendment's Due Process Clause.

47. Like other small businesses that are coping with the economic impact of COVID-19, Plaintiff was in dire need of an infusion of funds and is otherwise eligible for loans through the PPP. The government of the United States of America, the Treasury Secretary, SBA and its Administrator's decision that RAMEY LLP is not eligible for PPP forgiveness or PPP eligibility violates the equal protection component of the Fifth Amendment.

48. The Regulations and the SOP violate and are contrary to the Fifth Amendment of the United States Constitution, on their face and as applied to Plaintiff, for numerous additional reasons including but not limited to:

a) They convert a mere accusation of a felony into an indictment of the same;

b) They fundamentally misapply Texas criminal law;

c) They violate the rights of Plaintiff under the fair trial component of the Fifth Amendment; and,

d) They, as applied, are impermissibly vague. A correct application of the statute provides that RAMEY LLP is eligible for a PPP Loan and PPP forgiveness.

49. Because it is clear and unambiguous as to which businesses are eligible for PPP loans under the CARES Act, including the Plaintiff, the government of the United States of America, the Treasury Secretary, SBA and its Administrator lacked authority to expand what businesses are in eligible for PPP loans.

**B. DECLARATION OF INVALIDITY OF THE APPLICATION OF THE REGULATION AND SOP**

50. Plaintiff incorporates by reference paragraphs 1-49 as if fully restated herein.

51. Because it is clear and unambiguous as to which businesses are eligible for PPP loans under the CARES Act, including the Plaintiff, the SBA and its Administrator lacked authority to interpret the promulgated regulations with restricted or otherwise "clarified" what businesses were eligible for PPP Loans in the manner the Defendants have done, to the exclusion of the Plaintiff from those benefits.

52. The Regulations and the SOP, if understood to exclude businesses with Associates who are merely accused of a felony, without requiring indictment, from the benefits of the PPP

10

Program, fail to serve any legitimate regulatory purpose entrusted to the SBA or its Administrator regarding the PPP provision of the CARES Act or otherwise.

53. The the Treasury Secretary, SBA and its Administrator failed to articulate a sufficient regulatory purpose for interpreting the promulgated Regulations or SOP, either in general or specifically as to the PPP provisions of the CARES Act, insofar as they work to exclude businesses with Associates who are merely accused of a felony, without requiring indictment.

54. If the Small Business Administration truly believed Congress sought to restrict eligibility based on mere accusations of a crime, it could have easily drafted the rule to say so. For example, the Department of Homeland Security bases its good moral character determination on whether an applicant was accused of committing a crime even "for which there was never a formal charge, indictment, arrest, or conviction." 8 C.F.R. § 316.10(b)(2)(iv). The Small Business Administration would have included similar language in its rule if it wanted to base eligibility on accusations without indictment or formal charges. Instead, the Small Business Administration expressly limited eligibility based only on indictments, arraignments, and other formal charges not mere complaints and accusations. At the time RAMEY LLP applied for the loan, RAMEY LLP was and is not subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction.

55. As a direct and proximate result of the Treasury Secretary, the SBA and its Administrator's interpretation and application of the Regulations and SOP and the Defendants' and their delegates' application of the Regulations and the SOP against Plaintiff and its interests, Plaintiff and its employees have suffered and will continue to suffer irreparable injuries including but not limited to financial ruin, business ruination, and harm to employees of RAMEY LLP during the pandemic.

56. By reason of the foregoing, the Plaintiff is entitled to a declaration that the Defendants have (a) invalidly exceeded their authority to regulate under the CARES Act, (b) have invalidly and without power to do so defied the manifest intention of Congress expressed in the enactment of the CARES Act, (c) have acted without valid, germane, or reasonable findings or determinations of fact and without a constitutionally permissible purpose, and (d) they have Otherwise violated the Fifth and Fourteenth Amendments to the United States Constitution.

## C. ATTORNEY'S FEES AND COSTS UNDER 42 U.S.C. § 1988

57. Plaintiff repeats and incorporates paragraphs 1-56 as if fully set forth herein.

58. 42 U.S.C. § 1988(b) provides, in relevant part, as follows: "In any action or proceeding to enforce a provision of [42 U.S.C. § 1983] … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]"

59. The Supreme Court, in *Hutto v. Finney,* 437 U.S. 678 (1978), affirmed the Court's discretion to award attorney's fees to the prevailing party under 42 U.S.C. § 1988, in actions where a plaintiff is seeking redress for the deprivation of constitutional rights under 42 U.S.C. § 1983.

60. Here, Plaintiff's Counts I and II are each brought to enforce a provision of 42 U.S.C. § 1983 - namely, that Defendants have subjected Plaintiff to the egregious deprivation of certain rights, privileges, and immunities secured by the United States Constitution. *See 42 U.S.C. § 1983.*

61. Therefore, Plaintiff requests the reimbursement of the attorney's fees required to be expended to vindicate Plaintiff's constitutional rights. This relief is especially warranted given the nature of the CARES Act and results of the Defendants misapplication thereof.

**Conditions Precedent**

62. All conditions precedent to the RAMEY LLP's claims for relief have been performed or have occurred.

**Jury Demand**

63. Pursuant to Fed. R. Civ. P. 38, RAMEY LLP demands a jury on all issues so triable.

**Prayer**

RAMEY LLP prays that the Court grant it judgment on its causes of action and for all other relief to which it may be entitled at law or in equity.

Respectfully Submitted,

*/s/William P. Ramey, III*
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for RAMEY LLP f/k/a Ramey & Schwaller, LLP***