United States District Court
Southern District of Texas

**ENTERED**

May 15, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **RAMEY, LLP F/K/A RAMEY &** | § | |
| **SCHWALLER, LLP,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:22-cv-03902** |
| | § | |
| **UNITED STATES SMALL BUSINESS** | § | |
| **ADMINISTRATION, et al.,** | § | |
| | § | |
| *Defendants.* | § | |

**STATEMENT OF REASONS FOR DISMISSAL**

On October 29, 2024, this Court dismissed Plaintiff's claims with prejudice after hearing oral argument on Defendants' Motion to Dismiss (ECF No. 45). Plaintiff appealed. The Fifth Circuit Court of Appeals has issued a limited remand in Case No. 24-20533 directing this Court to provide a statement of reasons for dismissal.

This Court assumes that the Court of Appeals is familiar with the factual background of the case. However, by way of brief background, Plaintiff Ramey, LLP brought this suit to challenge the determination of the Small Business Administration ("SBA") that Plaintiff was ineligible for Paycheck Protection Program ("PPP") loan forgiveness and First or Second Draw PPP Loans. William Ramey, owner of Ramey, LLP, applied for and received a PPP loan from Amegy Bank during the COVID-19 pandemic. The bank subsequently learned about a pending criminal complaint against Ramey and determined that he had falsely answered Question 5 (Criminal History Exclusion) on the PPP loan application. The bank accelerated the PPP loan and froze the firm's accounts. The SBA found that Ramey was ineligible for PPP loans and any subsequent forgiveness. Plaintiff brought this suit seeking (1) judicial review of the SBA's denial

of Plaintiff's application for a First Draw PPP Loan, Second Draw PP Loan, and Loan Forgiveness, and (2) monetary damages.

Plaintiff's claims against the Secretary of the Treasury Janet Yellen were dismissed because Plaintiff failed to state a claim against Secretary Yellen under Fed. R. Civ. P. 12(b)(6). The Secretary was mentioned in the Second Amended Complaint only in passing, and Plaintiff failed to allege a particularized harm caused by or claim for relief against the Secretary.

1) **Plaintiff's Claim for Judicial Review Under the APA of the SBA's Denial of Loan Forgiveness and Plaintiff's Application for First and Second Draw LLP Loans Failed on the Merits.**

Plaintiff sought judicial review of a variety of SBA's decisions on his case under 5 U.S.C. § 702. Section 702 of the Administrative Procedure Act ("APA") provides that "[a] person suffering legal wrong because of agency action ... is entitled to judicial review thereof." 5 U.S.C. § 702. A reviewing court "will uphold a decision by the [agency] if it is not 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' ... or 'unsupported by substantial evidence.'" *Unified Turbines, Inc. v. U.S. Dep't of Labor*, 581 F. App'x 16, 17 (2d Cir. 2014) (summary order) (quoting 5 U.S.C. § 706). This standard is deferential and does not permit a court to "substitute its judgment for that of the agency." *Judulang v. Holder*, 565 U.S. 42, 53 (2011). The Court must "assess, among other matters, whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Bechtel v. Admin. Review Bd., U.S. Dep't of Labor*, 710 F.3d 443, 446 (2d Cir. 2013) (quoting *Judulang*, 565 U.S. at 53).

As a preliminary matter, the Fifth Circuit had already resolved that Plaintiff answered Question 5 of PPP application falsely. *Ramey & Schwaller, L.L.P. v. Zions Bancorporation NA*,

71 F.4th 257, 263-64 (5th Cir. 2023) ("Because Ramey was, at least, subject to 'means by which formal criminal charges are brought' at the time he completed the Application, he answered Question 5 falsely on behalf of Ramey & Schwaller."). Insofar as he tried to argue otherwise in his Second Amended Complaint and pleadings before this Court, Plaintiff was precluded from doing so.

The Court dismissed Plaintiff's claims challenging the SBA's decision, finding that the SBA acted well within the bounds of its statutory authority in excluding applicants with certain criminal histories and charges pending from PPP eligibility. Plaintiff argued that the SBA's addition of the Criminal History Exclusion exceeded its statutory authority and violated the CARES Act. This Court rejected that claim; the Exclusion fell within the SBA's broad § 7(a) statutory authority and complied with Congress's requirement that "[a]ll loans made under this subsection [of the Small Business Act] shall be of such sound value or so secured as reasonably to assure repayment." 15 U.S.C. § 636(a)(6). The Court found that Congress's placement of the PPP in § 7(a) makes PPP loans subject to § 7(a)'s sound value requirement.

Other courts have considered this question and held, at the motion to dismiss stage, that the SBA properly included Question 5 in the application. *See, e.g.*, *Brothers Petroleum, LLC v. United States*, 569 F. Supp. 3d 405 (E.D. La. 2021) (holding that the SBA lawfully applied the criminal history exclusion to PPP applications). Congress made clear that, "[e]xcept as otherwise provided," "the [SBA] Administrator may guarantee" PPP loans "under the same terms, conditions, and processes" as other § 7(a) loans. 15 U.S.C. § 636(a)(36)(B). Congress granted SBA "extraordinarily broad powers" under the § 7(a) program, *SBA v. McClellan*, 364 U.S. 446, 447 (1960), and it gave the Administrator broad rulemaking powers to carry out that authority, 15 U.S.C. § 634(b)(6)-(7). That pre-existing authority extends to the PPP, and the CARES Act

expressly empowers the SBA to issue regulations implementing the PPP. CARES Act § 1114, 134 Stat. 312. That is exactly what the SBA did with respect to Question 5—the SBA adopted the Criminal History Exclusion after concluding that doing otherwise would present a high risk of an unauthorized use of funds or non-repayment of unforgiven loans. *See* June 24, 2020 IFR, 85 Fed. Reg. at 38303.

With regard to SBA's decision to deny forgiveness of a past loan, Ramey's false answer in the application—which could not be disputed in light of the Fifth Circuit's ruling—foreclosed any forgiveness. Indeed, the Loan Application indicated that "any FALSE information may result in forfeiture of benefits." ECF No. 45-1, Exh. 1, Loan Application at 4-5. The Fifth Circuit already determined that Ramey provided false information in the application. While Plaintiff contended that the clause does not say that false information results in an automatic denial of benefits, the language did give the SBA discretion to do so. Plaintiff also contended that the denial was wrong because "there is no evidence to counter that [Plaintiff] answered Question 5 in a good faith belief that the answer was correct." ECF No. 43, Second Amended Complaint at ¶ 84. However, scienter has no bearing on whether the SBA was justified in denying Plaintiff's Application. As the Loan Application indicates, what matters is if "any FALSE information" is provided—not whether the applicant knew the information to be false.

The imposition of the Criminal History Exclusion was in accordance with the SBA's power; its application to Plaintiff was not arbitrary, capricious, or an abuse of discretion. The Court therefore found that Plaintiff failed to state a valid APA claim. For the same reasons, Plaintiff failed to state a claim for monetary damages under § 634(b)(1).

### 2) Plaintiff's Claims for Monetary Damages Were Barred.

Plaintiff Second Amended Complaint sought to recoup the full loan amounts of the Frist

and Second Draw Loans and over $200,000 in attorneys' fees that he has had to pay to Amegy Bank after he lost his suit in a separate, related action. ECF No. 43, Second Amended Complaint at ¶ 85. Plaintiff sought to recover these damages through various avenues, citing the Due Process Clause, supplemental jurisdiction under 28 U.S.C. § 1367, and 42 U.S.C. § 1988.

The United States cannot be sued without an express statutory waiver of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). 15 U.S.C. § 634(b)(1) waives immunity for the SBA from claims for monetary damages in actions challenging the Administrator's functions, powers, and duties. *Romeo v. United States*, 462 F.2d 1036, 1038 (5th Cir. 1972). This Court therefore found first that Plaintiff was permitted to seek monetary damages under § 634(b)(1); for the reasons discussed above, his claim failed on the merits. Plaintiff's remaining claims for monetary damages failed for the reasons that follow.

**Due Process Claim:** "To prevail on a due process claim, [P]laintiffs must show that: (1) they possess a property interest that is protected by the due process clause, and (2) [the agency]'s procedures are constitutionally inadequate." *Ridgely v. FEMA*, 512 F.3d 727, 734 (5th Cir. 2008). Here, Plaintiff lacked a protected property interest in the loans. Because Plaintiff was ineligible for the loans and for forgiveness (due to the Criminal History Exclusion and his false answer to Question 5), he was not entitled to either. Plaintiff therefore failed to state a Due Process claim.

**28 U.S.C. § 1367:** The Court dismissed Plaintiff's claims for damages under § 1367 because that statute does not waive sovereign immunity for Plaintiff's state law conversion claim. *Wilkerson v. United States*, 67 F.3d 112, 119 n.13 (5th Cir. 1995).

**42 U.S.C. § 1988:** Plaintiff claimed that he was entitled to attorney's fees under § 1988 and characterized this action as one which sought to "enforce a provision of 42 U.S.C.§ 1983."

ECF No. 43, Second Amended Complaint at ¶ 137. The Court dismissed this claim because § 1983 does not apply to the federal government, and Plaintiff nowhere alleged the elements of a § 1983 claim.

     **SIGNED** at Houston, Texas on this the 15th of May, 2026.

 

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE